## Swoope v. Pennsylvania Railroad Co.

*Smith & Maine*, and *Arnold & Chaplin*, for plaintiff.

*Edward T. Kelley*, and *Bell & Silberblatt*, for defendant.

SMITH, P. J., March 20, 1941.—This is an action of trespass brought by plaintiff to recover damages alleged to have been suffered through a fire on plaintiff's woodland. Defendant has filed a petition to compel plaintiff to join Ralph Smith with him on the record as a party at interest. Plaintiff's answer denies that defendant is en-

titled to the relief sought upon the averments of the petition.

The facts averred by defendant are that Ralph Smith is "handling the suit on a percentage basis of 40 percent and having selected the attorneys to bring this suit and try the case; and further that he intends to testify as an expert witness in order to justify the damage claim and also to magnify the size of his percentage". In addition, defendant avers that a similar suit was brought by plaintiff in 1932 and settled and that its information and belief is that Ralph Smith received 40 percent of the settlement and testified as an expert witness then upon damages in a companion case; but these facts, if true, may be ignored as being evidential only of the facts averred in support of the motion, which involves the arrangement as to the present suit. While the fact of interest in the present suit is averred only upon information and belief, plaintiff has waived that question in the argument and we may, therefore, assume that the facts as to interest are fully and definitely asserted.

The petition is under rule 2002(a) of the new procedural rules adopted by the Supreme Court, which reads as follows:

"Except as otherwise provided in clauses (b) and (c) of this rule, all actions shall be prosecuted by and in the name of the real party in interest, without distinction between contracts under seal and parol contracts".

The exceptions in clauses (b) and (c) of the rule we are not concerned with in this case.

In discussing the *test to determine the real party in interest,* Goodrich-Amram Civil Practice 2002(a)-3 says:

"Who is a real party in interest? The real party in interest of a given chose in action is the person who can discharge it and can control an action brought to enforce it. This does not mean that the real party in interest is the person who is ultimately entitled to the benefit of any recovery obtained nor the person beneficially interested

therein. In many cases, the real party in interest will also be a person beneficially interested in the cause of action but this is not necessary. If the person in question has the ability to discharge the obligation, even though he might violate a duty to a third person in so doing, and if the person in question can control the action he is the real party in interest."

In support of this a number of cases are cited in the notes to the text.

The averments of the instant petition fall short of the test as so stated. At most the petition sets up that Ralph Smith is interested in the proceeds of the suit to a large extent and that he has aided in the employment of counsel. This is not an averment that title to either the whole or a part of the claim is vested in Ralph Smith or he has become a person who could legally release or discharge the claim. The rule sought must therefore be denied.

### Order

And now, March 20, 1941, for the reasons herewith set forth, the rule to show cause why Ralph Smith should not be joined as a party plaintiff is discharged.